UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CR61 CDP |
| ) | |
| DAVID WAYNE BOHLEN, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Defendant David Wayne Bohlen, has filed motions to reduce his sentence under 18 U.S.C. § 3582(c)(2), seeking to benefit from Amendment 782 of the United States Sentencing Guidelines, which reduced the sentences for many drug crimes. The Probation Office filed a report indicating that defendant Bohlen is not eligible for a reduction because he was sentenced as a career offender. The government opposes the motion for the same reason. I conclude that because defendant's sentence was based on the career offender guidelines, and not on the drug quantity table, he is not eligible for a reduction under Amendment 782, so I will deny the motions.

## **Discussion**

Absent statutory authority, the Court cannot reduce a final sentence. Section 3582(c) of Title 18 provides authority for the court to do so under very

limited circumstances. One of those circumstances allows the Court to reduce the sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." In Amendment 782 the United States Sentencing Commission lowered many drug sentencing ranges. The Sentencing Commission determined that the reduction should apply retroactively, and added Amendment 782 to the list of retroactive amendments in U.S.S.G. § 1B1.10(d).

Defendant David Wayne Bohlen was sentenced to 144 months imprisonment on April 1, 2009, following his guilty plea to conspiracy to distribute and possess with intent to distribute heroin. Bohlen qualified as a career offender, so his base offense level was calculated under § 4B1.1(b) of the Sentencing Guidelines, and his guidelines range was 262 to 327 months.

Amendment 782 changed the base offense levels in the drug quantity table found in U.S.S.G. § 2D1.1(c). It did not change the offense levels in the career offender provisions in Chapter 4 of the guidelines. *See United States v. Thomas,* 775 F.3d 982 (8th Cir. 2014). Defendant Bohlen's guidelines range thus remains what it was before: 262 to 327 months. He was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" as set out in 18 U.S.C. §3582(c), and so he is not eligible for a

reduction in sentence.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motions to reduce sentence [##363, 367, 368] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of May, 2015.